JOHN R. HILLSMAN (Cal. Bar No. 71220)
uroy3@aol.com
DEREK B. JACOBSON (Cal. Bar No. 88417)
dbj@mhpsf.com
MCGUINN HILLSMAN & PALEFSKY
535 Pacific Ave
San Francisco, CA 94133
Telephone:    (415) 421-9292
Facsimile:    (415) 403-0202

Attorneys for Plaintiffs MASAO KINJO
and YORI MORI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN ADMIRALTY

| | |
|---|---|
| MASAO KINJO and YORI MORI,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CHAMPION SHIPPING AS, and<br>CHAMPION TANKERS AS,<br><br>　　　　　Defendants. | Case No. S-09-3603 FCD DAD<br><br>**APPLICATION AND ORDER TO APPOINT SUBSTITUTE CUSTODIAN** |

1  Under the application of Plaintiffs for an order appointing a substitute custodian in lieu of
2  the U.S. Marshal in this case, and good cause appearing therefor, it is
3  Ordered that plaintiff's application is granted; and it is further
4  Ordered that the U.S. Marshal for this district transfer custody of the M/T CHAMPION
5  SPIRIT, its engines, tackle, boilers and appurtenances, or whichever of said defendant vessels may
6  be found and arrested within this district, from their present location in or near Stockton,
7  California, or wherever said vessel may be found in this district, to the custody of substitute
8  custodian  National Maritime Services, Inc. by and through its authorized representatives,
9  immediately following their arrest; and it is further
10  Ordered that upon the transfer of said vessels to the substitute custodian, the aforesaid
11  substitute custodian is hereby appointed to act as substitute custodian of the defendants vessels
12  during custodia legis on behalf of this court, in place and instead of the U.S. Marshal, until further
13  order of this court; and it is further
14  Ordered that upon transfer of custody of the defendant vessels to the substitute custodian
15  by the U.S. Marshal, the U.S. Marshal shall not be liable for any loss occurring while it remains in
16  the custody of the substitute custodian; and it is further
17  Ordered that upon transfer of the vessel to the substitute custodian, the substitute custodian
18  may move the vessel to its premises.  Thereafter, the vessel shall not be removed from the
19  premises of the substitute custodian without prior written approval of U.S. Marshal or further
20  order of this court; provided that in case of emergency the substitute custodian may remove the
21  vessel from its premises, and take any other necessary measures, subject to prompt notification to
22  the U.S. Marshal of such removal or measure; and
23  That the substitute custodian will maintain the following insurance policies which will
24  protect the vessel during its custodianship:
25  A)  Ship repairer's legal liability for $1,000,000.00;
26  B)  Worker's Compensation and Indemnity company of California compensation fund; and
27  C)  Comprehensive general liability and indemnity for $1,000,000.00.
28

That the fees and costs of the substitute custodian in storing, maintaining, safekeeping, and insuring the vessel while in custodia legis shall be taxed as costs of this action; and it is further

Ordered that the U.S. Marshal will place a copy of this order on the defendants vessel.

Dated:  December 30, 2009

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Presented by:

MCGUINN HILLSMAN & PALEFSKY

/s/ JOHN R. HILLSMAN
JOHN R. HILLSMAN